**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF MISSOURI
SOUTHWESTERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| RALPH ERNEST BROCK, SR., | ) | Case No. 08-31087-JWV |
| | ) | |
| Debtor. | ) | |
| | ) | |
| | ) | |
| NANCY J. GARGULA, | ) | |
| United States Trustee, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | Adversary No. 09-3028 |
| | ) | |
| RALPH ERNEST BROCK, SR., | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION**

On July 7, 2009, the United States Trustee ("UST") filed this adversary proceeding seeking to deny the Debtor's discharge under 11 U.S.C. § 727(a)(2), (4), and (7). The UST now moves for summary judgment on the § 727(a)(7) prong of her complaint.[1] For the reasons set forth below, the Court will grant the UST's motion.

**STANDARD OF REVIEW**

Summary judgment is appropriate when the pleadings, discovery, and any affidavits show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law.[2] In a motion for summary judgment, the moving party has the initial burden of

---

[1] The UST's motion is, in substance, a motion for partial summary judgment inasmuch as the complaint seeks the denial of the Debtor's discharge on two additional grounds, *i.e.* § 727(a)(2) and (a)(4). Consequently, the adversary proceeding will not be closed until the UST provides notice to the Court whether she intends to pursue or abandon her additional claims.

[2] Fed. R. Bankr. P. 7056.

demonstrating the absence of genuine issues of material fact.[3] Once the moving party has met this initial burden of proof, the non-moving party must set forth specific facts sufficient to raise a genuine issue for trial and may not rest on its pleadings; self-serving allegations or mere assertions of disputed fact are insufficient to defeat the motion.[4]

## BACKGROUND

In his response to the UST's motion for summary judgment, the Debtor objected to the admissibility of several of the exhibits offered by the UST in support of her motion. Specifically, he objected to Exhibits 2, 3, and 5. The Debtor also objected to the accuracy of Exhibit 1.

The Court does not need to rule on the Debtor's objections to Exhibits 2, 3, and 5 because facts sufficient to support the UST's motion can be culled solely from Exhibit 1. And the Debtor's objection to the accuracy of Exhibit 1 – the transcribed testimony from the Debtor's initial and continued § 341 meeting – is without merit. The specific inaccuracies identified by the Debtor do not bear on facts or issues germane to the resolution of the UST's motion, and the Debtor has not offered any evidence – documentary or testimonial – to indicate that the germane portions of the transcripts are inaccurate. Therefore, based solely on Exhibit 1,[5] the germane, uncontroverted facts are as follows:

The Debtor, Ralph Ernest Brock, Sr., filed a voluntary petition under Chapter 7 of the Bankruptcy Code on November 29, 2008. Along with his petition, the Debtor filed bankruptcy schedules ("Schedules") and a statement of financial affairs ("SOFA"), both executed by him under oath and penalty of perjury. Notably, there is no mention of a bank account at Southwest Missouri Bank in the Schedules or SOFA. The Debtor also answered "none" to the direction in the SOFA to "[l]ist all property owned by another person that the debtor holds or controls."

---

[3] *Id.*; *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1983).

[4] *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986); *Bass v. SBC Communications, Inc.*, 418 F.3d 870, 872-73 (8th Cir. 2005).

[5] The Court also takes judicial notice of the Debtor's petition and schedules as well as the petition and schedules filed in the bankruptcy case of Clayton Cavitt, the Debtor's son-in-law.

The Debtor testified under oath at his § 341 meeting of creditors on January 8, 2009, and again on February 12, 2009, that he had read and reviewed his Schedules and SOFA prior to filing and that he had listed all of his assets on the Schedules.[6] Nevertheless, upon direct questioning by the Chapter 7 trustee assigned to his case, Norman Rouse, the Debtor admitted that he had opened a bank account at Southwest Missouri Bank (Account No. xxxxx4318) under the name "Ralph Brock d/b/a All Seasons Comfort Systems" in July 2008.[7] He further testified: 1) that he opened the account with money from his son-in-law, Clayton Cavitt,[8] because the Internal Revenue Services ("IRS") had seized Cavitt's bank accounts at a different bank (First State Bank) on or about June 18, 2008, due to an outstanding tax debt owed by Cavitt's business (also called All Seasons Comfort Systems);[9] and 2) that he opened the bank account under his tax identification number to avoid the seizure of the money by the IRS.[10]

On June 30, 2008, Clayton Cavitt filed a voluntary Chapter 7 bankruptcy petition initiating Case No. 08-30542.

## DISCUSSION

As noted above, the UST seeks summary judgment on its claim to deny the Debtor's discharge under 11 U.S.C. § 727(a)(7). Section 727(a)(7) provides that a court may deny a debtor's discharge if "a debtor has committed any act specified in paragraph (2), (3), (4), (5), or (6) of this subsection, on or within one year before the date of the filing of the petition, or during the case, in connection with another case under this title or under the Bankruptcy Act, concerning an insider." The UST alleges that the Debtor committed an act under § 727(a)(2)(A), and that the insider

---

[6] Ex.1 at 4:13-22.

[7] Ex. 1 at 16:5-25; 17:1-25; 18:1-22; 21:3-25.

[8] Ex. 1 at 21:3-25.

[9] Ex. 1 at 21:3-25; 23:3-25; 25-1-15.

[10] *Id.*

3

involved is the Debtor's son-in-law, Clayton Cavitt.[11] Therefore, to prevail on her motion, the UST must establish that, within a year before the date the Debtor filed his petition, he transferred, removed, destroyed, or concealed Cavitt's property with the intent to hinder, delay, or defraud a creditor of Cavitt.

Aside from evidentiary objections, the Debtor raises essentially three defenses to the UST's motion: 1) that Cavitt did not conceal property; 2) that Cavitt did not have an interest in the property; and 3) that the Defendant did not have the intent to hinder, delay, or defraud the IRS. None of these defenses has merit.

The Debtor's first defense misunderstands the focus of § 727(a)(2) within the context of a § 727(a)(7) action. The issue here is not whether Cavitt concealed property, but whether the Debtor concealed Cavitt's property. And in that regard, the Debtor unambiguously admitted that he opened a bank account at Southwest Missouri Bank under his tax identification number, using Cavitt's business name and Cavitt's money, to prevent the IRS from seizing any more of Cavitt's money. This is tantamount to an admission that he concealed the money of a debtor-insider. The Debtor's admission that he used Cavitt's money to open the bank account also undermines the Debtor's second defense, *i.e.*, that Cavitt did not have an interest in the property concealed. By definition, if it was Cavitt's money, Cavitt had an interest in it. Moreover, the Debtor had no real interest at all in Cavitt's business, providing further evidence that his sole purpose in opening the account ws to hide the money from Cavitt's creditors, particularly the IRS.

The Debtor's final defense also misses the point. The Debtor argues that he did not conceal property with the intent to hinder, delay, or defraud the IRS (or, presumably, any of Cavitt's other creditors) because his true purpose in opening the bank account at Southwest Missouri Bank was to enable Cavitt to continue doing business so that he could repay the IRS. Even assuming that such an unsupported, self-serving statement would be sufficient to create a material issue of fact with regard to the Debtor's intent – which it isn't[12]– that statement is not a defense, it's an admission. It's an admission that he had the intent to, at the very least, hinder and delay the IRS's (and perhaps

---

[11] The Debtor does not dispute that Clayton Cavitt is an insider or that the alleged concealment took place within the one year look-back period.

[12] *Bass*, 418 F.3d at 872-73.

other creditors') efforts to pursue Cavitt's assets. The "fact" that he might have had a justification for doing it is irrelevant for purposes of § 727(a)(2). Most likely, it's also misguided – if the IRS believed that permitting Cavitt to continue doing business would have facilitated repayment, it probably wouldn't have seized his bank account but worked out a repayment plan with him.

In sum, the Debtor engaged in active concealment in another debtor's assets from the government and from the bankruptcy trustee, and his admission that he opened a bank account under his tax identification number, using Cavitt's business name and Cavitt's money, is sufficient (with the other elements not in dispute) to establish a finding as a matter of law that the Debtor's discharge should be denied under 11 U.S.C. § 727(a)(7).

## CONCLUSION

For the reasons stated above, the Court will grant the UST's motion for summary judgment. A separate judgment consistent with this Memorandum Opinion will be entered pursuant to Fed. R. Bank. P. 9021.

**ENTERED** this 3rd day of December 2009.

/s/ Jerry W. Venters
HONORABLE JERRY W. VENTERS
UNITED STATES BANKRUPTCY JUDGE

A copy of the foregoing was mailed
conventionally or electronically to:
Norman E. Rouse
Kevin E. Checkett
Sherri L. Wattenbarger